**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Chukwuemeka NZEKWE,
Defendant–Appellant.**

No. 02–2456.

United States Court of Appeals,
Seventh Circuit.

Argued April 2, 2003.

Decided June 27, 2003.

Before BAUER, EASTERBROOK, and WILLIAMS, Circuit Judges.

## ORDER

Chukwuemeka Nzekwe was convicted by a jury of mail fraud and interstate transport of stolen goods. He appeals his conviction, arguing that the agents lacked probable cause to arrest, that the evidence was insufficient to support his convictions, and that the district court erred in admitting certain documents into evidence and in denying his motion for a mistrial based upon an alleged *Brady* violation. We affirm.

## I. BACKGROUND

Using credit card account numbers stolen from banks in the United Kingdom, someone identifying himself as "John Butler," purportedly an officer of a Scotland-based computer company, placed four separate orders for approximately $15,000 in computer chips with Soft Ware Computer Group, a software company in West Virginia. Butler instructed Soft Ware to send the orders via Federal Express to "Iyke Edzgver" or "Paul Bradley" at various addresses in the United States, where they were intercepted by Nzekwe and a co-schemer.

When Butler placed his fourth order for computer chips, Soft Ware became suspicious and discovered that the account numbers were from stolen credit cards. It contacted agents of the United States Secret Service who, working with Soft Ware,

set up a controlled delivery of the computer chips. Soft Ware gave Butler a Federal Express tracking number and informed him that the fourth shipment, addressed to "Iyke Edzgever" at an address on Winthrop Avenue in Chicago, would be delivered on May 15, 2001. Federal agents conducted surveillance at that address, and saw Nzekwe arrive in his car and park directly in front of the location. A short time later, a Federal Express truck stopped near the place defendant was parked. Nzekwe left his car and approached the driver while an undercover agent followed him on foot.[1] The agent overheard Nzekwe identify himself as "Iyke" and ask the driver if he had a package for the delivery address. After the driver informed Nzekwe that the package had been removed from the truck, Nzekwe returned to his car and drove away. Agents followed Nzekwe, pulled him over, and arrested him. They searched Nzekwe's car and found an empty Federal Express box. They later searched Nzekwe's apartment, and found a Post–It note with the Federal Express tracking number connected to the attempted May 15, 2001 delivery, work-related documents containing credit card account and social security information of other persons, and an internet price list for the wholesale purchase of computer chips.

## II. ANALYSIS

### A. Probable Cause

 We review de novo the district court's conclusion regarding whether the federal agents had probable cause and its findings of historical fact for clear error. *Ornelas v. United States*, 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911

---

1. Before the Federal Express driver arrived, there had been a previous attempt to carry out a controlled delivery by a female federal agent, in an unmarked van, dressed in a Federal Express jacket. Nzekwe did not approach the agent.

(1996). Agents have probable cause to make an arrest when the "facts and circumstances within their knowledge and of which they [have] reasonably trustworthy information [are] sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *United States v. Gilbert*, 45 F.3d 1163, 1166 (7th Cir.1995). "Probable cause ... does not require evidence sufficient to support a conviction, nor even evidence showing that it is more likely than not that the suspect committed the crime." *United States v. Sawyer*, 224 F.3d 675, 679 (7th Cir.2000) (citing *United States v. Burrell*, 963 F.2d 976, 986 (7th Cir.1992)). "So long as the totality of the circumstances, viewed in a common sense manner, reveals a probability or substantial chance of criminal activity on the suspect's part, probable cause exists." *Id.*

Nzekwe argues that probable cause was lacking because the only information the arresting agents possessed at the time of Nzekwe's arrest was that he had parked his car in front of the delivery address, that he inquired about a package intended for the address, and that he indicated that he was looking for a package for "Iyke." Therefore, according to Nzekwe, the agents had no basis to believe that Nzekwe knew the packages contained fraudulently-obtained goods or had any connection to others involved in the fraud. We disagree. The agents knew at the time Nzekwe was arrested that the three previous fraudulent orders were addressed to "Iyke Edzgver" at an address on Winthrop Avenue in Chicago and, after determining that the person who lived at the address was not involved, the agents reasonably concluded that whoever was intercepting the packages was involved in the fraudulent scheme. On the day of the fourth delivery, when Nzekwe identified himself as

"Iyke" and asked the Federal Express driver about the package, the agents could reasonably believe that Nzekwe had committed a crime. Accordingly, Nzekwe's challenge to the court's denial of the motion to suppress must fail. *See Sawyer*, 224 F.3d at 679; *Gilbert*, 45 F.3d at 1166.

**B. Admission of Evidence under Rule 404(b)**

■ At trial, the government introduced, pursuant to Federal Rule of Evidence 404(b), the work papers found in Nzekwe's apartment that contained social security and credit card numbers. For evidence of other crimes, wrongs, or acts to be admissible under Rule 404(b), they must: (1) be directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) show that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) be sufficient to support a jury finding that the defendant committed the similar act; and (4) have a probative value that is not substantially outweighed by the danger of unfair prejudice. *United States v. Thomas*, 321 F.3d 627, 633 (7th Cir.2003); *United States v. Moore*, 115 F.3d 1348, 1354 (7th Cir.1997). Evidence is unfairly prejudicial if it induces the jury to decide the case on an improper basis rather than on the evidence presented. *Id.* We review the court's decision to admit this evidence for an abuse of discretion. *Thomas*, 321 F.3d at 630.

The government argues that the work papers demonstrate Nzekwe's knowledge and intent and refutes his claim that he did not know the packages contained stolen goods purchased with unauthorized credit card numbers. None of the information contained on the papers, however, was used in the scheme (which involved credit cards originating in the United Kingdom) and we think the evidence did not have too much probative value. But even if we

were to conclude that the district court abused its discretion in admitting the evidence, we agree with the government that any such error was harmless. There was overwhelming evidence of the pattern of deliveries intercepted by Nzekwe, his receipt of money transfers from the U.K., and then his shipment (using aliases) of the packages to the U.K. Western Union transfer receipts, Federal Express tracking numbers, and receipts corresponding to the U.K. shipments were found in his apartment and Federal Express drivers testified that Nzekwe posed as both "Paul Bradley" and "Iyke Edzgver" to accept packages originating from Soft Ware. It is clear to us that any rational jury would have convicted the defendant without this evidence, and therefore reversal is not warranted. *See United States v. Brown,* 250 F.3d 580, 586 (7th Cir.2001).

## C. Sufficiency of the Evidence

█ Nzekwe argues that, for both the mail fraud and interstate transportation of stolen goods convictions, the evidence was insufficient to prove knowledge and intent to defraud. *See United States v. Owens,* 301 F.3d 521, 528 (7th Cir.2002) (identifying elements of mail fraud under 18 U.S.C. § 1341); *United States v. Quintanilla,* 2 F.3d 1469, 1474 (7th Cir.1993) (identifying elements of interstate transportation of fraudulently obtained goods under 18 U.S.C. § 2314). In considering Nzekwe's challenge to the sufficiency of the evidence, "[w]e review the evidence in the light most favorable to the Government and will uphold the convictions if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Hunter,* 145 F.3d 946, 949 (7th Cir.1998) (emphasis in original) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

As we just noted, there was ample evidence connecting Nzekwe to the scheme,

and this evidence, including his pattern of deceit, was more than sufficient to allow a jury to infer that he participated knowingly and with the intent to defraud Soft Ware. The close time frame in which, on several occasions, computer chips were fraudulently ordered, delivered in Chicago, intercepted by Nzekwe, subsequently shipped by him to the United Kingdom, and in which money transfers were sent to him from the United Kingdom, permits a reasonable inference that Nzekwe had knowledge of, and intentionally participated in, the ongoing scheme to defraud Soft Ware. Accordingly, we reject Nzekwe's challenge to the sufficiency of the evidence. *See Owens,* 301 F.3d at 528; *United States v. Britton,* 289 F.3d 976, 982 (7th Cir.2002).

## D. *Brady* Violation

█ Nzekwe claims that the district court erred in denying his motion for a mistrial based on an alleged *Brady* violation, a ruling we review for an abuse of discretion. *United States v. Wilson,* 237 F.3d 827, 831–32 (7th Cir.2001). Nzekwe asserts that the government failed to make him aware that certain exhibits–work papers found in Nzekwe's apartment–contained handwritten rap lyrics on the back. He argues that the handwritten lyrics would have provided an innocent explanation for why he was in possession of documents that were improperly removed from his work site. Evidence is deemed suppressed only if (1) the prosecution failed to disclose the evidence before it was too late for the defendant to make use of it, and (2) the evidence was not otherwise available to the defendant through the exercise of reasonable diligence. *United States v. O'Hara,* 301 F.3d 563, 569 (7th Cir.2002). Nzekwe was made aware of the writing on the back of the documents during the course of the trial when he still had a chance to make whatever positive use of it

that was possible. *See id.* The government asked Nzekwe's wife, during direct examination, whether handwriting on the documents was Nzekwe's. Nzekwe, after his wife's testimony, had sufficient time to make use of the evidence disclosed during the trial before the close of his case and chose not to do so. "Delayed disclosure of evidence does not in and of itself constitute a *Brady* violation." *Id.* Furthermore, if the handwriting on the back was the reason he brought the documents home, he should have been aware of its existence before the trial began. The government does not have a duty to disclose evidence that the defendant is already aware of. *See United States v. Grintjes,* 237 F.3d 876, 880 (7th Cir.2001).

## III. CONCLUSION

The judgment of the district court is AFFIRMED.